# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

JAMES A. FAULKNER,      )
            )
  Petitioner,       )
            )
      v.        )    Case No.  1:20-cv-01339
            )
UNITED STATES OF AMERICA,  )
            )
  Respondent.     )

## ORDER & OPINION

This matter is before the Court on a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). At the Court's direction, Respondent filed a Response to the Petition (doc. 4), and Petitioner has filed a Reply (doc. 10). This matter is ripe for review. For the reasons set forth below, Petitioner's § 2241 Petition is denied.

## BACKGROUND

Petitioner is currently incarcerated at the Federal Correctional Institute in Pekin, Illinois. (Doc. 4 at 8). In 2009, Petitioner was found guilty of conspiracy to manufacture, distribute, and possess with intent to distribute 50 grams or more of cocaine base and heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), 846, 851 (Count I); distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 851 (Count II); and possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 851 (Count XII) in the Southern District of Iowa. (Docs. 1 at 2; 7 at 7–8); *see also United States v. Faulkner*,

No. 08-cr-00074-02, Dkt. 410 (S.D. Iowa Aug. 23, 2018).[1] Petitioner was originally sentenced to a mandatory term of life imprisonment in 2010. (Doc. 7 at 4).

The Southern District of Indiana later granted a § 2241 petition challenging Petitioner's conviction under *Burrage v. United States*, 571 U.S. 204 (2014), and Petitioner was resentenced to 360 months' imprisonment on each count of the superseding indictment, to run concurrently. *See Faulkner v. Daniels*, No. 15-cv-00042, Doc. 36 (S.D. Ind. May 23, 2017); *Faulkner*, No. 08-cr-00074-02, Dkt. 410. Notably, Petitioner's 360-month sentence included a § 851 enhancement because of prior felony drug convictions under 720 ILCS 570/401(c)(2) in 1997 and 1999. (Doc. 1 at 4). Furthermore, during Petitioner's resentencing hearing, the sentencing court stated on the record:

> In fashioning the appropriate sentence, I have considered each of the factors found in Title 18, United States Code, Section 3553(a). That means I have considered the nature and circumstances of this offense as well as the history and characteristics of Mr. Faulkner . . . Mr. Faulkner is a career offender whom Congress said is ordinarily supposed to be sentenced toward the statutory maximum. Of course that will of Congress doesn't control the Court in any way . . . I have considered the question of just punishment, the need to promote respect for the law, the need for adequate deterrence to criminal conduct, and the need to protect the public from further crimes. I have again looked to the Sentencing Guidelines as an important, though not in any way controlling factor to be considered . . . .

*Faulkner*, No. 08-cr-00074-02, Dkt. 418 at 11–12. In May 2019, the Eighth Circuit affirmed the sentence on appeal. *United States v. Faulkner*, 770 F. App'x 313 (8th Cir. 2019) (unpublished).

---

[1] The Court may take judicial notice of the dockets of other courts. *Amling v. Harrow Indus. LLC*, 943 F.3d 373, 376 (7th Cir. 2019).

Petitioner argues in the instant Petition that, because of *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020) or, alternatively, *Mathis v. United States*, 136 S. Ct. 2243 (2016), he is neither a career offender under U.S.S.G. § 4B1.1 nor guilty of the enhancement under § 851, and as a result, he is entitled to further relief under § 2241.

## LEGAL STANDARD

A person may only challenge a federal conviction or sentence under § 2241 if 28 U.S.C. § 2255(e), the "savings clause," allows. *Webster v. Daniels*, 784 F.3d 1123, 1135 (7th Cir. 2015) (en banc). Section 2255(e) permits recourse through § 2241 only where the motion provided under § 2255 is "inadequate or ineffective to test the legality" of the challenged detention. § 2255(e); *Webster*, 784 F.3d at 1135. The Seventh Circuit has held § 2255 is inadequate or ineffective where:

> (1) the claim relies on a statutory interpretation case, not a constitutional case and thus could not have been invoked by a successive § 2255 motion; (2) the petitioner could not have invoked the decision in his first § 2255 motion and the decision applies retroactively; and (3) the error is grave enough to be deemed a miscarriage of justice.

*Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019).

An alleged error is grave enough meet this standard if it results in a conviction "of a nonexistent crime," *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998), or "a 'fundamental error equivalent to actual innocence,'" *Brown v. Rios*, 696 F.3d 638, 641 (7th Cir. 2012) (citing *Taylor v. Gilkey*, 314 F.3d 832, 836 (7th Cir. 2002)). In that vein, a miscarriage of justice can occur "when a petitioner's sentence is increased by application of an enhancement of which he was actually innocent." *Perrone v. United*

*States*, 889 F.3d 898, 904 (7th Cir.), *cert. denied*, 139 S. Ct. 654, 202 L. Ed. 2d 502 (2018) (citing *Narvaez v. United States*, 674 F.3d 621, 629–30 (7th Cir. 2011)).

Finally, as Petitioner is proceeding *pro se*, his Petition is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## DISCUSSION

The instant matter can be resolved on the third element of the *Beason* test, which requires that the sentencing error be grave enough to amount to a miscarriage of justice corrigible in a habeas corpus proceeding. *See* 926 F.3d at 935. An error in calculating post-*Booker* sentencing guidelines, resulting in a sentence above the suggested range but below the applicable statutory maximum, is not a miscarriage of justice in the context of postconviction collateral relief. *See Hawkins v. United States*, 706 F.3d 820, 823–24 (7th Cir. 2013) (§ 2255 motion) (collecting cases); *United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014) (§ 2255 motion); *Johnson v. Kallis*, 17-cv-1428, 2018 WL 10075665, at *2 (C.D. Ill. Feb. 15, 2018) (§ 2241 motion).

Petitioner's argument fails because it is based on distinguishable precedent from the pre-*Booker* era rather than analogous precedent from the post-*Booker* era— that is, after January 12, 2005, when the guidelines became merely advisory for sentencing decisions. *See Hawkins*, 706 F.3d at 824. Indeed, Petitioner primarily relies on *Narvaez*, in which the defendant was sentenced in the pre-*Booker* era while the sentencing guidelines were mandatory. 674 F.3d at 623–24. During that era, an error in calculating the guideline range amounted to a miscarriage of justice,

qualifying the defendant for postconviction collateral relief under § 2241. *Id.* at 623–24, 630.

Contrarily, the applicable precedent for the present matter is *Hawkins,* in which the defendant was sentenced during the post-*Booker* era. *Hawkins*, 706 F.3d at 822; *see also Wadlington v. Werlich*, No. 17-cv-449, 2020 WL 1692533, at *9–10 (S.D. Ill. Apr. 7, 2020) (noting *Navarez* governs pre-*Booker* sentences while *Hawkins* governs post-*Booker* sentences). In *Hawkins*, the defendant filed a § 2255 motion challenging his sentence; he argued the court misclassified his walkaway escape as a crime of violence and thus incorrectly applied the § 4B1.1 career-offender enhancement, which increased his guideline range. *Id.* at 823. However, because the guideline range did not bind the judge and because the sentence imposed was below the applicable statutory maximum, the court found the alleged error did not constitute a miscarriage of justice.[2] *Id.* Analogously, Petitioner's sentence occurred in August 2018, during the post-*Booker* era. Therefore, Petitioner's reliance on *Narvaez* and *Wadlington* is misguided; instead, *Hawkins* controls. Under *Hawkins*, Petitioner's alleged errors with respect to the calculation of his guideline range—even if true errors—do not constitute a miscarriage of justice because his sentence remains below the statutory maximum absent the challenged enhancements: life imprisonment, § 841(b)(1)(A).

---

[2] *Hawkins* applies to both § 2241 and § 2255 proceedings. *See Vanover v. Werlich,* No. 19-1121, 2021 WL 2792955, at *2 (7th Cir. Mar. 12, 2021) (affirming dismissal of § 2241 petition and citing *Hawkins* to state generally that "a challenge to the calculation of the advisory guidelines range cannot be raised on *collateral review*") (emphasis added).

This analysis does not change where, as here (doc. 7 at 79), the sentencing package is comprised of not only an allegedly inappropriate § 4B1.1 enhancement but also of other erroneous enhancements, such as an enhancement under § 851, which can alter the guideline range as well as the statutory sentencing range.

> Suppose the probation service in recommending a sentence to a district judge makes a mistake in applying the (advisory) guideline that the judge doesn't catch. As a result he imposes an above-guidelines sentence, which he wouldn't have done had he caught the error; nonetheless the sentence is below the statutory maximum. The error could not be corrected in a postconviction proceeding.

*Hawkins*, 706 F.3d at 823 (collecting cases). Thus, the *Hawkins* decision is not limited to erroneous career-offender enhancements and applies to erroneous enhancements as a general matter. It is therefore of no consequence that, without the challenged enhancements, Petitioner's current sentence would be above the guideline range because it remains below the statutory maximum absent those enhancements. *See, e.g.*, *Coleman*, 763 F.3d at 707 (§ 2255 petition challenging a 225-month sentence that was below the applicable statutory maximum failed under *Hawkins* even when the guideline range would have been 140–175 months without the challenged enhancements); *Frazier v. Kallis*, No. 16-cv-1485, 2018 WL 6706664, at *1, 2 (C.D. Ill. Dec. 20, 2018) (§ 2241 petition challenging a 360-month sentence that was below the applicable statutory maximum failed under *Hawkins* even when the guideline range would have been 168–210 months without the challenged enhancements); *Fleming v. Entzel*, No. 20-cv-1059, 2020 WL 5881437, at *3 (C.D. Ill. Oct. 2, 2020) (§ 2241 petition challenging a 286-month sentence that was below the applicable statutory maximum failed under *Hawkins*).

Relatedly, misapplying a sentencing enhancement that increases the statutory minimum and maximum sentence likewise does not constitute a miscarriage of justice when the sentence actually imposed is below the statutory maximum absent the challenged enhancement. *See Hawkins*, 706 F.3d at 824–25 (stating "we don't think that a sentence that is well below the ceiling imposed by Congress *whether directly or by delegation to the Sentencing Commission* should, as [petitioner] argues, be considered a 'miscarriage of justice' that can be collaterally attacked, just because the judge committed a mistake en route to imposing it") (emphasis added). In *Fleming*, the defendant's challenge to his § 851 sentencing enhancement did not constitute a miscarriage of justice sufficient for relief under § 2241 when the sentence of 286 months' incarceration was below the 40-year statutory maximum that would have applied without the challenged enhancement. 2020 WL 5881437, at *3–4, 8–10 ("[E]ven if [Petitioner] were actually innocent of [§ 851], he cannot show that his sentence was *increased* by application of an enhancement of which he was actually innocent.") (internal quotation marks omitted). In the present case, given Petitioner's current 360-month sentence is below the statutory maximum without the § 851 enhancement, application of that enhancement—even if erroneous—cannot be said to have actually increased his sentence and thus cannot constitute a miscarriage of justice.

Finally, and importantly, this Court is loath to disturb a sentence on the basis of a purported error in the advisory guideline calculation when the resentencing court explained it did not rely exclusively on the advisory guideline range in fashioning the

sentence. In light of relevant precedent, any error in calculating the advisory guideline range in this case does not constitute a miscarriage of justice, nor does any error with respect to the § 851 enhancement. The Petition therefore fails the third prong of the *Beason* test and must be denied.

## CONCLUSION

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (doc. 1) is DENIED.


SO ORDERED.

Entered this 20th day of July 2021.

s/ Joe B. McDade
_____
JOE BILLY McDADE
United States Senior District Judge
